# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

OMAR QAZI,

                 Petitioner,

v.

STATE OF NEVADA, et al.,

                 Respondents.

Case No. 2:18-cv-00291-APG-NJK

**ORDER**

    Petitioner has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by paying the filing fee or filing the appropriate, complete pauper application. Although petitioner purports to file a pauper application, it is not on the Court's form and does not have all the required information.

    It does not appear that a dismissal without prejudice would materially impact the analysis of the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice.[1]

    This improperly commenced action therefore will be dismissed without prejudice.

    It therefore is ordered that this action shall be dismissed without prejudice.

---

[1] Petitioner claims to be challenging a July 11, 2017, decision by the Nevada Supreme Court in Case No. 69085, which denied the petitioner's motion to recall the remittitur in that case. The Court takes judicial notice that Case No. 69085 relates to petitioner's conviction in the Eighth Judicial District Court in Case No. C-11-273567-1. The conviction in Case No. C-11-273567-1 became final in June 2012. Petitioner filed a state postconviction habeas petition in February 2013. By this time, nearly nine months had run on the federal limitations period. Petitioner appealed to the Nevada Supreme Court, which issued remitter on a decision affirming the trial court in November 2016. This petition, filed more than a year after that date, is clearly untimely. Even if the time period did not begin to run again until July 11, 2017, after the Nevada Supreme Court denied the petitioner's motion to recall the remittitur, the petition is still untimely, as it is filed more than seven months after that decision. The Court additionally notes that the petition would likely be subject to dismissal on several alternate grounds, including failure to name the proper respondent and, as it appears that petitioner is no longer in custody on his conviction in Case No. C-11-273567-1, lack of subject matter jurisdiction.

1

It further is ordered that a certificate of appealability is denied. Jurists of reason would not find debatable whether the Court was correct in its dismissal of the action without prejudice on procedural grounds, for the reasons discussed herein.

It further is ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The Clerk of Court shall send petitioner a copy of his papers in this action, along with copies of the forms and instructions for an inmate pauper application and habeas petition.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

Dated: February 20, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE