UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

OMAR QAZI,

               Petitioner,

   v.

STATE OF NEVADA, et al.,

               Respondents.

Case No. 2:18-cv-00291-APG-NJK

**ORDER**

On February 20, 2018, the Court dismissed the petition in this case on the grounds that petitioner had not properly commenced the action by paying the filing fee or filing the appropriate, complete pauper application. (ECF No. 4). Judgment was entered that same date. (ECF No. 5).

On February 28, 2018, petitioner dispatched an amended petition for filing and on March 6, 2018, he paid the filing fee. (See ECF Nos. 6 & 7). The Court construes petitioner's amended petition and payment of the filing fee in this closed case as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). So construed, the motion is granted, and the judgment in this case entered on February 20, 2018, is hereby VACATED.

The Court therefore proceeds to initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, it is clear the petition must be dismissed for lack of jurisdiction.

1

First, petitioner explicitly frames his petition as a challenge to a July 11, 2017, decision of the Nevada Supreme Court. (ECF No. 6 at 2). To that extent, petitioner impermissibly seeks to have this Court exercise an appellate jurisdiction over the state supreme court that it does not have. Federal district courts do not have appellate jurisdiction over a state supreme court or other state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). While the jurisdictional limitation recognized in *Rooker* does not function as a rule of claim or issue preclusion, it does preclude a party from seeking the relief sought here: an order from a lower federal court directing a state supreme court how to proceed in its cases.

Second, petitioner has filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. To be entitled to relief under § 2254, petitioner must be "in custody pursuant to the judgment of a State court." *Id.* A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). Petitioner admits, however, that he was not in custody at the time he filed his federal petition. (*See* ECF No. 6 at 2). This fact is verified by an examination of the records of the relevant state courts in this case.

In this action, petitioner challenges a decision of the Nevada Supreme Court in Case No. 69085. (*See* ECF No. 6 at 6 (Ex.1)). That court's docket reflects that the judgment of conviction challenged in Case No. 69085 arose out of Case No. C273567 in the Eighth Judicial District Court.[1] The Eighth Judicial District Court's docket reflects that the judgment of conviction in Case No. C273567, which sentenced petitioner to a term of 12 to 60 months, was entered on March 8, 2012.[2] Thus, by the time petitioner dispatched

---

[1] *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=37295 (last visited Mar. 8, 2018).
[2] *See* https://www.clarkcountycourts.us/Portal (last visited Mar. 8, 2018).

2

his federal petition on or after February 13, 2018, his sentence in Case No. 273567 had fully expired.[3] (*See* ECF No. 1-1 at 3).

Petitioner's argument that he nonetheless satisfies the "in custody" requirement because he was in custody when he filed his *state* postconviction petition is without merit. *Carafas v. LaVallee*, 391 U.S. 234 (1968), on which petitioner relies, does not stand for that proposition. Rather, it holds only that a federal court continues to have jurisdiction over a federal habeas petition even after a petitioner has been released from custody so long as the petitioner was in custody at the time he filed his *federal* petition. *Id.* at 238.

Furthermore, a petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *Maleng*, 490 U.S. at 492. Even though there may be some limited circumstances under which a petitioner could attack a fully expired conviction if that conviction was used to enhance a new sentence, such attack would not properly be raised in a habeas petition challenging solely the expired conviction, which is what petitioner attempts to do here. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Dubrin v. People of California*, 720 F.3d 1095, 1099 (9th Cir. 2013).

As petitioner was not in custody when he filed his federal petition, the Court lacks jurisdiction over his petition. This action must therefore be dismissed.

IT IS THEREFORE ORDERED that petitioner's motion to alter or amend the judgment is GRANTED, and the judgment entered on February 20, 2018 is hereby VACATED.

IT IS FURTHER ORDERED that the amended petition (ECF No. 6) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

---

[3] This conclusion is further supported by an earlier order in Nevada Supreme Court Case No. 69085, attached to the petition, which indicates that petitioner had been released from custody by October 19, 2016, at the latest. (*See* ECF No. 6 at 16).

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find debatable whether the Court was correct in its dismissal of the action for lack of jurisdiction, for the reasons discussed herein.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice, and close this case.

Dated: March 9, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE